UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA STEFFES, *et al.*,

    Plaintiffs,

v.

UV REAL ESTATE LLC*, et al.*,

    Defendants.

Case No. 25-cv-11153
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE AND TO EXTEND SUMMONSES (ECF No. 7)

In this action, Plaintiffs Linda Steffes and Brandon Bourgeois allege that the Defendants, UV Real Estate LLC and Yuval Rachmilewitz, violated the federal Telephone Consumer Protection Act when Defendants sent unwanted text messages to Plaintiffs. (*See* Compl., ECF No. 1.)  Plaintiffs have attempted to serve their Complaint on the Defendants but have been unable to do so.  Accordingly, on September 18, 2025, Plaintiffs filed a motion for alternative service and to extend the summonses in this action. (*See* Mot., ECF No. 7.)  In that motion, Plaintiffs ask the Court for permission to serve the Defendants by "(1) emailing Office@uv-realestate.com a copy of the summonses and Complaint; and (2) sending via Certified Mail a copy of the summonses and Complaint to Defendants' post office box at 6659 Schaefer Road, #1175, Dearborn, Michigan, 48126; and (3) providing

1

notice of this lawsuit to Defendants via publication notice of this lawsuit via Facebook post to Mr. Rachmilewitz via direct message to his personal profile, and via posting on Detroit Real Estate InvestorsDMV—where Defendants post their real estate wholesaling transactions approximately daily." (*Id.*, PageID.72-73.)  For the reasons explained below, Plaintiffs' motion is **GRANTED**.[1]

## I

### A

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made."  Likewise, Federal Rule of Civil Procedure 4(h) provides, in relevant part, that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

---

[1] The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

2

service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

> 1. delivering a summons and a copy of the complaint to the defendant personally; or
>
> 2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2).

That rule further provides that a limited liability company may be served in the following ways:

> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company.
>
> (3) If a limited liability company fails to appoint or maintain an agent for service of process, or service under

> subsections (1) and (2) cannot be accomplished through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the administrator (pursuant to [Mich Comp. Laws §] 450.4102[2][a]) a summons and copy of the complaint.

Mich. Ct. Rule 2.105(H)(1)-(3).

**B**

Under Michigan law, alternate service may be appropriate under the following circumstances:

> 1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> 2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.
>
> 3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(J).

In Michigan, alternate service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an

4

absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

## II

The Court concludes that Plaintiffs' motion, supported by the declaration of their attorney (*see* Decl., ECF No. 6-1), satisfies the requirements for alternate service described above. First, Plaintiffs have sufficiently shown that service of the Defendants "cannot reasonably be made" under the usual methods for service quoted above. Plaintiffs have attempted to personally serve the Defendants several times without success. For example, Plaintiffs have (1) reached out to Defendants' former counsel on multiple occasions to accept service, (2) sent Defendants email correspondence related to service of the Complaint, (3) sent Defendants a copy of the Complaint via United States Mail, and (4) "attempted service at the listed address for UV Real Estate" all without success. (Mot., ECF No. 7, PageID.62-63. *See also* Decl. of Alex D. Kruzyk at ¶¶ 7-23, ECF No. 6-1, PageID.40-43.)

Second, as required under Michigan Court Rule 2.105(2), Plaintiffs submitted a motion that is dated within 14 days of filing, and it was supported by the sworn declaration of their attorney and other evidence. (*See* Mot., ECF No. 7; Kruzyk Decl., ECF No. 6-1.) The motion and supporting documents provide evidence that Plaintiffs have not been able to successfully serve Defendants despite

5

diligent efforts. The motion and supporting documents also include Defendants' last known addresses.

Finally, the ways in which the Court will require Plaintiffs to serve Defendants are "reasonably calculated to give [Defendants] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1).

Accordingly, for all the reasons stated above, and the reasons stated in Plaintiffs' motion, Plaintiffs' motion for alternative service and to extend the summonses (ECF No. 7) is **GRANTED** as follows. The summonses for Defendants are **EXTENDED** through October 31, 2025. In addition, Plaintiffs shall serve Defendants by the following methods:

(1) emailing Office@uv-realestate.com a copy of the summonses, Complaint, and this order;

(2) sending a copy of the summonses, Complaint, and this order via Certified Mail to Defendants' last known address: the Post Office Box at 6659 Schaefer Road, #1175, Dearborn, Michigan, 48126; and

(3) providing notice to Defendants via publication notice of this lawsuit via Facebook post to Mr. Rachmilewitz via direct message to his personal profile, and via posting on Detroit Real Estate InvestorsDMV.

6

Plaintiffs shall also file a Certificate of Service with the Court after they serve Defendants as directed in this order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 22, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126